RODGER R. COLE (CSB No. 178865)
rcole@fenwick.com
SEAN S. WIKNER (CSB No. 268319)
swikner@fenwick.com
ANNASARA G. PURCELL (CSB No. 295512)
apurcell@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Facsimile:   650.938.5200

Attorneys for Defendant
DEMANDFORCE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MATTHEW M. LOKER; INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>        Plaintiff,<br><br>   v.<br><br>PINCURLS, LLC, et al.<br><br>        Defendants. | Case No.: 2:14-cv-00051-SJO-PJW<br><br>**DEFENDANT DEMANDFORCE, INC.'S ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>Date Action Filed: January 3, 2014<br><br>DEMAND FOR JURY TRIAL |

TO:   ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

Defendant Demandforce, Inc. ("Demandforce") hereby answers plaintiff Matthew M. Loker ("Plaintiff") Complaint for Damages and Injunctive Relief Pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, Et. Seq. (Dkt. No. 1) ("Complaint").  Demandforce denies each and every allegation of the Complaint except as specifically admitted or qualified below.

/ / /

## INTRODUCTION

1. Demandforce denies the allegations in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Demandforce lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and on that basis denies them.

3. Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Demandforce lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and on that basis denies them.

4. Paragraph 4 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Demandforce lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and on that basis denies them.

5. Paragraph 5 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Demandforce lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and on that basis denies them.

## JURISDICTION AND VENUE

6. Paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Demandforce admits that this Court has subject matter jurisdiction, but denies the remaining allegations in Paragraph 6.

7. Paragraph 7 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Demandforce admits that it conducts business within the State of California and that the Court has personal jurisdiction over Demandforce. Demandforce lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

8 of the Complaint relating to Pincurls LLC ("Pin Curls"), and on that basis denies them.

8. Demandforce admits all allegations contained in the Paragraph 8, except that Demandforce lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint relating to Pin Curls, and on that basis denies them.

## PARTIES

9. Paragraph 9 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Demandforce lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and on that basis denies them.

10. Paragraph 10 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Demandforce lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and on that basis denies them.

11. Paragraph 11 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Demandforce admits that it is and all times mentioned was a corporation whose primary corporate address is in San Francisco, California and whose principle place of business is in the State of California, and admits that Demandforce developed an application that, among other things, enables local businesses to connect with their customers through text messaging and online services. Demandforce denies that it is a "person" as defined by 47 U.S.C. § 153 (10).

12. Demandforce admits that it entered into an agreement with Pin Curls to, among other things, assist Pin Curls with its customer management and marketing, but denies the remaining allegation in Paragraph 12 of the Complaint.

## FACTUAL ALLEGATIONS

13. Paragraph 13 of the Complaint contains legal conclusions to which no

1  response is required.  To the extent that a response is required, Demandforce lacks
2  knowledge or information sufficient to form a belief as to the truth of the
3  allegations in Paragraph 13 of the Complaint and on that basis denies them.

4      14.    Paragraph 14 of the Complaint contains legal conclusions to which no
5  response is required.  To the extent that a response is required, Demandforce admits
6  that that it is and, at all times mentioned, was a company.  Demandforce denies the
7  remaining allegations in Paragraph 14 of the Complaint, except that Demandforce
8  lacks knowledge or information sufficient to form a belief as to the truth of the
9  allegations relating to Pin Curls, and on that basis denies them.

10      15.    Demandforce admits all allegations in Paragraph 15 of the Complaint,
11  except that Demandforce lacks knowledge or information sufficient to form a belief
12  as to the truth of the allegations relating to Pin Curls, and on that basis denies them.

13      16.    Demandforce denies the allegations contained in Paragraph 16 of the
14  Complaint.

15      17.    Demandforce denies the allegations contained in Paragraph 17 of the
16  Complaint, except that Demandforce lacks knowledge or information sufficient to
17  form a belief as to the truth of the allegations relating to Pin Curls, and on that basis
18  denies them.

19      18.    Demandforce admits that the Demandforce webpage
20  (www.demandforce.com/product) uses the phrase "automated marketing and
21  communications" and that a linked webpage
22  (http://www.demandforce.com/product/communication/) states that Demandforce
23  "automatically manages email and text communications."  Demandforce denies all
24  remaining allegations, including any suggestion or inference that Demandforce's
25  use of the words "automated" and "automatically" on its website bears on whether
26  Demandforce uses an "automatic telephone dialing system"—a legal term of art
27  defined by 47 U.S.C. § 227(a)(1).

28      19.    Demandforce lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 19 of the Complaint and on that basis denies them.

20. Demandforce lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and on that basis denies them.

21. Demandforce lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and on that basis denies them.

22. Demandforce lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and on that basis denies them.  Footnote 1 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, Demandforce lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Footnote 1 of the Complaint and on that basis denies them.

23. Paragraph 23 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, Demandforce denies the allegations contained in Paragraph 23 of the Complaint

24. Paragraph 24 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, Demandforce lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and on that basis denies them.

25. Paragraph 25 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, Demandforce lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and on that basis denies them.

26. Paragraph 26 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, Demandforce denies the allegations contained in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Demandforce lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and on that basis denies them.

28. Paragraph 28 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Demandforce denies the allegations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Demandforce denies the allegations contained in Paragraph 29 of the Complaint.

## CLASS ACTION ALLEGATIONS

30. Paragraph 30 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Demandforce denies that class treatment is appropriate. Demandforce admits that Plaintiff purport to bring this action as a class action, but denies all remaining allegations in Paragraph 30.

31. Paragraph 31 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Demandforce denies that class treatment is appropriate and denies the remaining allegations in Paragraph 31.

32. Paragraph 32 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Demandforce denies that class treatment is appropriate and denies the remaining allegations in Paragraph 32.

33. Paragraph 33 of the Complaint contains legal conclusions to which no response is required. Demandforce denies that class treatment is appropriate and denies the remaining allegations in Paragraph 33, except that Demandforce lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Pin Curls and on that basis denies them.

34. Paragraph 34 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Demandforce denies that

1  class treatment is appropriate and denies the remaining allegations in Paragraph 34.

2      35.    Paragraph 35 of the Complaint contains legal conclusions to which no
3  response is required.  To the extent a response is required, Demandforce denies that
4  class treatment is appropriate and denies the remaining allegations in Paragraph 35.

5      36.    Paragraph 36 of the Complaint contains legal conclusions to which no
6  response is required.  To the extent a response is required, Demandforce denies that
7  class treatment is appropriate and denies the remaining allegations in Paragraph 36.

8      37.    Paragraph 37 of the Complaint contains legal conclusions to which no
9  response is required.  To the extent a response is required, Demandforce denies that
10 class treatment is appropriate and denies the remaining allegations in Paragraph 37.

11     38.    Paragraph 38 of the Complaint contains legal conclusions to which no
12 response is required.  To the extent a response is required, Demandforce denies that
13 class treatment is appropriate and denies the remaining allegations in Paragraph 38.

14     39.    Paragraph 39 of the Complaint contains legal conclusions to which no
15 response is required.  To the extent a response is required, Demandforce denies that
16 class treatment is appropriate and denies the remaining allegations in Paragraph 39.

17     40.    Paragraph 40 of the Complaint contains legal conclusions to which no
18 response is required.  To the extent a response is required, Demandforce denies that
19 class treatment is appropriate and denies the remaining allegations in Paragraph 40.

20     41.    Paragraph 41 of the Complaint contains legal conclusions to which no
21 response is required.  To the extent a response is required, Demandforce denies that
22 class treatment is appropriate and denies the remaining allegations in Paragraph 41.

**FIRST CAUSE OF ACTION**

24     42.    Demandforce incorporates by reference its responses to Paragraphs 1-
25 41 as if set forth fully herein.

26     43.    Demandforce denies the allegations contained in Paragraph 43 of the
27 Complaint.

28     44.    Demandforce denies the allegations contained in Paragraph 44 of the

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Complaint.

45. Demandforce denies the allegations contained in Paragraph 45 of the Complaint.

## SECOND CAUSE OF ACTION

46. Demandforce incorporates by reference its responses to Paragraphs 1-45 as if set forth fully herein.

47. Demandforce denies the allegations contained in Paragraph 47 of the Complaint.

48. Demandforce denies the allegations contained in Paragraph 48 of the Complaint.

49. Demandforce denies the allegations contained in Paragraph 49 of the Complaint.

## PRAYER FOR RELIEF

Demandforce denies that Plaintiff is entitled to any of the relief sought in the Complaint. The above answers are based on the information currently available to Demandforce, and Demandforce reserves the right to amend those answers based on facts later discovered, offered, or pleaded.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for violations under 47 U.S.C. 227 upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff consented to receive telephonic messages related to the services that Pin Curls performed for Plaintiff. Therefore Plaintiff's claims are barred in whole or in part.

**FOURTH AFFIRMATIVE DEFENSE**

Demandforce did not rely on an Automated Telephone Dialing System to contact Plaintiff as alleged in the Complaint. Upon information and belief, Plaintiff consented to receive telephonic messages related to Pin Curls' services. Therefore Plaintiff's claims are barred in whole or in part.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint, and each claim contained therein, is barred on the ground that Demandforce was not the cause in fact of any alleged damage, injury, or loss to Plaintiff, if any.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint, and each claim contained therein, is barred on the ground that Demandforce was not a substantial cause of any alleged damage, injury, or loss to Plaintiff, if any.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped by his own acts or omissions from recovering against Demandforce for the claims asserted in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint, and each claim contained therein, is barred pursuant to the equitable doctrine of waiver.

**NINTH AFFIRMATIVE DEFENSE**

Demandforce's conduct, if any, which is the subject of Plaintiff's Complaint, was absolutely and/or conditionally legally privileged, and/or justified. Further, all actions by Demandforce were in good faith and reasonable. Therefore Plaintiff's claims are barred in whole or in part.

**TENTH AFFIRMATIVE DEFENSE**

The Complaint fails to state sufficient facts relating to willfulness or knowledge to entitle Plaintiff to claim enhanced statutory damages under 47 U.S.C. 227(b)(3). Therefore, Plaintiff's Second Cause of Action is barred.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to, and has not demanded, attorneys' fees and costs.

## TWELFTH AFFIRMATIVE DEFENSE

Demandforce is not liable for statutory damages, compensatory, general, or special damages, to the extent claimed now or in the future.

## THIRTEENTH AFFIRMATIVE DEFENSE

Demandforce did not violate the complained of statute because the communications with the Plaintiff were not for marketing purposes. Therefore Plaintiff's claims are barred in whole or in part.

## FOURTEENTH AFFIRMATIVE DEFENSE

Demandforce did not violate the complained of statute because the communications with the Plaintiff were not solicitations. Therefore Plaintiff's claims are barred in whole or in part.

## FIFTEENTH AFFIRMATIVE DEFENSE

Because any communications sent by Demandforce to Plaintiff offered an opt-out provision, Plaintiff suffered no injury in fact. Therefore Plaintiff's claims are barred in whole or in part.

## SIXTEENTH AFFIRMATIVE DEFENSE

Because Plaintiff opted-out out of receiving future text messages from Pin Curls, Plaintiff suffered no injury in fact. Therefore Plaintiff's claims are barred in whole or in part.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff engaged in conduct that constitutes a waiver of their rights. By reason of said waiver, Plaintiff's claims are barred in whole or in part.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's damages, if any, were caused by the carelessness, negligence, or other wrongful conduct of other persons or entities.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Therefore Plaintiff's claims are barred in whole or in part.

**NINTEENTH AFFIRMATIVE DEFENSE**

Upon information and belief, Plaintiff's claims are barred because the conduct alleged by the Plaintiff was not done with the Demandforce's requisite knowledge or intent.

**TWENTIETH AFFIRMATIVE DEFENSE**

The above defenses and affirmative defenses are based on the facts and information currently known to Demandforce. Demandforce reserves the right to amend or add defenses or affirmative defenses based on facts later discovered, pleaded, or offered. Demandforce's exclusion of matters upon which Plaintiff bears the burden of proof from this Answer should not be construed as a waiver of Demandforce's right and ability to contest such matters in the future, including without limitation the propriety of class certification under Federal Rule of Civil Procedure 23.

**PRAYER**

WHEREFORE, answering Demandforce prays for judgment as follows:

1. That Plaintiff take nothing by reason of their Complaint, and that judgment be entered in favor of Demandforce;

2. That answering Demandforce recovers its costs of suit incurred herein, including reasonable attorneys' fees; and;

3. For such other and further relief as the Court deems proper and just.


Dated: March 17, 2014                   FENWICK & WEST LLP


                                        By: /s/ Rodger R. Cole
                                            Rodger R. Cole
                                            Sean S. Wikner
                                            Annasara G. Purcell
                                            Attorneys for Defendant
                                            DEMANDFORCE, INC.

**JURY DEMAND**

Demandforce demands trial by jury.

Dated: March 17, 2014          FENWICK & WEST LLP

By: /s/ Rodger R. Cole
Rodger R. Cole
Sean S. Wikner
Annasara G. Purcell
Attorneys for Defendant
DEMANDFORCE, INC.